## CENTRAL UNION FIRE INS. CO. v. KELLY.

(Circuit Court of Appeals, Eighth Circuit. August 18, 1922.)

No. 5603.

1. **Removal of causes ⊕⇒3—Right not curtailable by state action.**

     The right of removal, being conferred by the federal Constitution and laws, is beyond the reach of curtailment by state action.

2. **Constitutional law ⊕⇒48—Statute to be interpreted in favor of constitutionality.**

     A statute is not to be interpreted so as to render it unconstitutional, if this may be reasonably avoided.

3. **Removal of causes ⊕⇒3—State statute as to licensing foreign insurance companies not meant to affect removal of causes.**

     Gen. St. Kan. 1909, § 4122, providing, as a condition to licensing foreign insurance companies to do business in the state, that they file an irrevocable consent, in terms limited to venue of actions, was not meant to affect removal of causes.

4. **Evidence ⊕⇒65—Relief not granted because of reliance on misstatements involving law.**

     An insurance company and its counsel are presumed to know the law as to right of removal of causes and authority of state insurance department to revoke its license to do business in the state, so that it may not have relief against the remanding, with its consent, of a cause to the state court, and a judgment there subsequently rendered against it, on the ground that it gave such consent in reliance on false statement of such law by the state superintendent of insurance, or his misrepresentation or concealment of the state Attorney General's opinion as to such law.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Suit by the Central Union Fire Insurance Company against Katherine Kelly. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Leslie J. Lyons, of Kansas City, Mo. (O. M. Edmonson, of Kansas City, Mo., and Paul E. Bradley, of Joplin, Mo., on the brief), for appellant.

Frank M. Sheridan, of Paola, Kan. (Bernard L. Sheridan, of Paola, Kan., on the brief), for appellee.

Before HOOK, Circuit Judge, and COTTERAL and JOHNSON, District Judges.

COTTERAL, District Judge. This is an appeal from the dismissal of an (amended) ancillary bill filed by the Central Union Fire Insurance Company to obtain a decree setting aside an order of the court below remanding to the state court an action at law brought by Katherine Kelly against the company, on the ground that the stipulation for the order was fraudulently obtained, and enjoining the enforcement of a judgment therein subsequently rendered in her favor.

The action had been brought to recover the balance due plaintiff upon a resale to the company of 900 shares of stock theretofore issued to her, and for which she made payment to the company. The cause was regularly and legally removed to the court below on the ground of diverse citizenship, and after it was remanded to the state court, and there was a trial to a jury, the plaintiff recovered $9,262.50, and, upon appeal, the judgment was affirmed and sustained on rehearing. The pleadings in the case at bar are so elaborate it is essential to limit our statement to the substance of them and omit much of detail.

It was alleged in the amended bill that the plaintiff's attorneys, contriving with her husband to prevent a trial in the federal court, wrote the state superintendent of insurance to the end it might be represented the removal of the case would be regarded by his department as an unfriendly act, and if persisted in would result in a revocation of the license of the company in the state, and that on July 17, 1914, the superintendent lent himself to the design by writing a letter to the secretary of the company. The letter alluded to the former holding of the department that citizens of the state were entitled to hearing in the state court in cases against foreign insurance companies, and to the fact that the department looked with disfavor on the transfer of the case, unless there was a showing the company could not receive fair and equitable treatment in the state court; also the letter recited that a condition precedent to the admission of a foreign insurance company was the filing of an irrevocable consent that actions against it be commenced in the proper court of the county where the cause of action arose or the plaintiff resided, adding that, if the reasons therefor were not shown, the superintendent would expect the case to be tried in a state court.

It was further alleged that the attorney for the company presented to him the reasons for the removal of the case—to escape local influence and obtain an impartial trial—and that the superintendent stated he would lay the matter before the Attorney General, for his advice whether the cause might be removed without incurring visitation of the department and having its license revoked; that the superintendent consented to the filing of a transcript of the record, then about due, in the federal court, on condition of compliance with the rules of the department after obtaining such advice; that on September 4, 1914, he wrote the president of the company, after thorough investigation and advice, that the attempt to evade or ignore the state law must be looked upon by the department with great disfavor, and suggested that under the circumstances the removal be abandoned.

It was then alleged that the letter impressed defendant and counsel that the superintendent had obtained the advice of the Attorney General that the removal was contrary to state law, that the revocation of the license rested largely in the discretion of the superintendent, that defendant had a question whether his action would be reviewable by any court, and that the company, to avoid apparent disaster to its business in Kansas, consequent upon the threat to revoke its license, consented to the stipulation, wherefore the cause was remanded to the state court.

It was also alleged that it was first disclosed that the superintendent had not written to the Attorney General, but by understanding between him and plaintiff's counsel the latter had done so, and were advised by him, on August 25, 1914, that the state law gave jurisdiction to certain courts for the purpose of determining the venue of an action, and did not prevent removals. This correspondence, it was alleged, was concealed by the superintendent and plaintiff's counsel, and misrepresented by the former in his letter of September 4, and it was alleged that the stipulation to remand the cause was assented to by the defendant upon the understanding and assurance that the removal was contrary to state law and would invite revocation of its license.

The plaintiff answered the amended bill, objecting to its sufficiency, and making certain admissions and denials. There was denial of confederation of parties or counsel to prevent a trial in the federal court, or to revoke the company's license, and it was alleged that the superintendent acted for himself in the usual course; that the stipulation was voluntarily executed by counsel of the defendant, and the cause was litigated in the state court with full knowledge of its legal rights; that there was no concealment of the correspondence; that the cause was voluntarily submitted to the state court, which acquired full jurisdiction over it with the consent of the parties; that the defendant preferred the remanding of the case to avoid expense, delay, and inconvenience, and with that purpose entered into the stipulation; that the suit was barred because the alleged fraud occurred more than three years prior to the filing of defendant's bill; and that the defendant would have learned of the acts complained of by the exercise of due diligence.

The issues were tried and resulted, as stated, in a dismissal of defendant's bill. The trial judge, after reviewing the facts, and finding substantially that the defendant and its counsel were induced to believe the removal of the case was not regarded with favor by the state officials, and if a trial in the federal court were insisted upon the superintendent would probably revoke or attempt to revoke the defendant's state license, and therefore stipulated that the cause be remanded to the state court, stated the controversy in this way:

"Should this court of equity restrain the enforcement of the judgment in favor of plaintiff, entered on a trial in the state court, standing affirmed on error to the Supreme Court of the state, against the fairness and legality of which no challenge is by defendant made, save and except it consented to an order remanding the case to the state court in which the judgment was rendered, acting under the belief, if it did not so consent, the state superintendent of insurance would unlawfully revoke its license to do business in this state, and when the plaintiff did know, and defendant did not know, the opinion of the Attorney General of the state on the right of defendant to remove the case into the federal court and there have a trial and determination of the same."

The decision was that the defendant and its counsel knew the superintendent had no lawful authority to revoke the defendant's license, and any attempt to do so would be promptly enjoined; that, conceding the opinion of the Attorney General should have been communicated to the defendant's counsel, it was upon a matter of law of which defendant's counsel was conclusively presumed to be informed,

citing Mutual Life Ins. Co. v. Phinney, 178 U. S. 327, 20 Sup. Ct. 906, 44 L. Ed. 1088, Clem v. Newcastle, etc., R. Co., 9 Ind. 488, 68 Am. Dec. 653, and Burt v. Bowles, 69 Ind. 1; and that conceding the stipulation to remand the case was obtained by fraud and concealment of the letter of the Attorney General, yet the judgment of the state court, rendered upon jurisdiction, would not be enjoined, because a valid defense to the action was not alleged or made out.

Our consideration of the case must be based on the findings of the trial court and the proof, which substantially established the averments of the bill. The chief ground of complaint urged by appellant is of the misrepresentation and concealment of the opinion and attitude of the Attorney General. Notwithstanding the influence thereof upon appellant and its counsel, we agree with the trial court that it was with regard only to matters of law, namely, first, whether the state law (section 4122, Gen. Stat. 1909), which provides as a condition to license foreign companies must file an irrevocable consent that actions may be commenced against them in any county where the cause of action shall arise or in which the plaintiff may reside, was aimed at removals; and, second, whether the state license of this company might be revoked because of the removal of the case.

[1-3] The right of removal is conferred by the federal Constitution and laws, and is beyond the reach of curtailment by state action. Terral v. Burke Construction Co., 257 U. S. 529, 42 Sup. Ct. 188, 66 L. Ed. —— (Feb. 27, 1922). Not only is the state law in terms confined to the matter of venue of actions, but the Attorney General confirmed that interpretation, and held that it did not prevent removals. We should not interpret it in a manner to render it unconstitutional, if this may be reasonably avoided. United States v. Jin Fuey Moy, 241 U. S. 394, 36 Sup. Ct. 658, 60 L. Ed. 1061, Ann. Cas. 1917D, 854. We therefore hold that the state law was not meant to affect removals.

[4] As was decided by the court below, the company and its counsel were presumed to know the law; and, if so, they were not entitled to complain of injury from reliance upon a mistaken statement of it by the insurance department, or a misrepresentation or concealment of the Attorney General's opinion. We agree, therefore, with the conclusion reached by the trial court, and its decree dismissing the bill of the insurance company is accordingly affirmed.

HOOK, Circuit Judge, participated in the hearing of this cause, and concurred in the affirmance of the decree, but died before this opinion was prepared.