R. E. ARBUTHNOT and W. B. Arbuthnot, partners, doing business as Arbuthnot Brothers, Appellants,

v.

STATE AUTOMOBILE INSURANCE ASSOCIATION, a corporation, Reciprocal or Inter-Insurance Exchange and/or State Automobile and Casualty Underwriters, a Reciprocal or Inter-Insurance Exchange, Appellee.

No. 6009.

United States Court of Appeals
Tenth Circuit.

Feb. 3, 1959.

John E. Shamberg, Kansas City, Kan. (Joseph Cohen, Charles S. Schnider and Joseph P. Jenkins, Kansas City, Kan., with him on the brief), for appellants.

Leonard O. Thomas, of Stanley, Schroeder, Weeks, Thomas & Lysaught, Kansas City, Kan. (Richard Millsap, Robert H. Bingham and Ervin G. Johnston, Kansas City, Kan., were with him on the brief), for appellee.

Before BRATTON, Chief Judge, and PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

■ This appeal presents the question of whether the defendant, an unincorporated reciprocal or inter-insurance exchange, [1] organized and existing under the laws of Iowa, [2] is a citizen of Iowa for the purpose of diversity jurisdiction.

One of the plaintiffs is a resident of the State of Kansas, the other of the State of Nebraska, and they were doing business as a partnership in the State of Kansas. The defendant was qualified to do business in the State of Kansas under the insurance laws of that state and the plaintiffs had purchased an insurance policy from it in Kansas. Dispute arose as to the liability under the terms of the policy, and this action was brought in the United States District Court for the District of Kansas. The complaint alleged that the defendant was a citizen of Iowa and that there was diversity of citizenship of the parties. The trial court dismissed the action for the reason that the defendant was an unincorporated association and its residence was that of its members, some of whom resided in Nebraska and Kansas.

■■ Federal Courts have jurisdiction over controversies between citizens of different states if the statutory amount is involved. United States Constitution, Sec. II, Art. III; 28 U.S.C.A § 1332. It was not until 1853 that the law became settled whereby a corporation was considered a citizen of the state of its incorporation for jurisdictional purposes. This was accomplished through a conclusive presumption that all the stockholders of a corporation were residents of the state of incorporation. The Supreme Court of the United States has never extended this presumption to unincorporated associations. Chapman v. Barney, 129 U.S. 677, 9 S.Ct. 426, 32 L.Ed. 800; Great Southern Fire Proof

1. By "reciprocal or inter-insurance" is meant a system of insurance whereby several persons, partnerships, or corporations, acting through a common attorney, undertake to insure each other against certain kinds of losses by means of a mutual exchange of insurance contracts. A short definition is that the members are both the insurers and the insureds. Annotations 94 A.L.R. 836; 141 A.L.R. 765; 145 A.L.R. 1121.

2. The Iowa statute provides:
"Authorization Individuals, partnerships, and corporations, including independent school districts and municipal corporations, of this state, hereby designated subscribers, are hereby authorized to exchange reciprocal or inter-insurance contracts with each other, and with individuals, partnerships, and corporations of other states, territories, districts, and countries, providing insurance among themselves from any loss which may be insured against under the law, except life insurance." Code of Iowa 1954, § 520.1, I.C.A.

The subscribers are required to act through a designated attorney upon whom process may be served in actions against the organization. The Kansas statutes permit the qualifications of such insurance associations in that state upon meeting the statutory requirements, which includes the authorization for service of process upon the Kansas Commissioner of Insurance. Gen.Stat.Kan.1949, Section 40-1601 et seq.

Hotel Co. v. Jones, 177 U.S. 449, 20 S.Ct. 690, 44 L.Ed. 842; [3] Thomas v. Board of Trustees of Ohio State University, 195 U.S. 207, 25 S.Ct. 24, 49 L.Ed. 160. These cases were cited with approval in People of Puerto Rico v. Russell & Co., 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903. With some deviation, we find the rule to be intact and applicable to the defendant association. Cyclopedia of Fed.Procedure, Vol. 1, § 2.293; Underwood v. Maloney, 3 Cir., 256 F.2d 334, certiorari denied 358 U.S. 864, 79 S.Ct. 93, 3 L.Ed. 2d 97; A. H. Bull Steamship Co. v. National Marine Engineers' Beneficial Ass'n, 2 Cir., 250 F.2d 332; Hettenbaugh v. Airline Pilots Ass'n International, 5 Cir., 189 F.2d 319; Rosendale v. Phillips, 2 Cir., 87 F.2d 454; Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115, affirmed 289 U.S. 103, 53 S.Ct. 549, 77 L.Ed. 1062; Ex parte Edelstein, 2 Cir., 30 F.2d 636, certiorari denied 279 U.S. 851, 49 S.Ct. 347, 73 L.Ed. 994; Wise v. Brotherhood of Locomotive Firemen and Enginemen, 8 Cir., 252 F. 961. But, cf. American Federation of Musicians v. Stein, 6 Cir., 213 F.2d 679, certiorari denied 348 U.S. 873, 75 S.Ct. 108, 99 L.Ed. 687; Van Sant v. American Express Co., 3 Cir., 169 F.2d 355.

Not without logic, the plaintiffs urge that inter-insurance exchanges of the defendant's type are indistinguishable from the corporate form of organization and that therefore the defendant should be considered as having citizenship in Iowa. In support of this contention, the plaintiffs point out that defendant has thousands of subscribers throughout the country and that it exercises, through a centralized unity of action, all of the functions and authority of incorporated insurance companies. It is also said, with some justification, that there is a

basis in the law for extending the rule that a corporation is a citizen of the state of its formation to organizations having corporate characteristics. Moore, Fed. practice, 2d Ed., Vol. 3, § 17.25, at p. 1413; [4] People of Puerto Rico v. Russell & Co., supra; United Mine Workers of America v. Coronado Coal Co., 259 U.S. 344, 42 S.Ct. 570, 66 L.Ed. 975; American Federation of Musicians v. Stein, supra. It may be that upon reexamination of the subject the Supreme Court will adopt a broader rule, but until it does we feel compelled to follow the law as it now exists.

Affirmed.

3. In Great Southern Fire Proof Hotel Co. v. Jones, the court said:
"That a limited partnership association created under the Pennsylvania statute may be described as a '*quasi* corporation,' having some of the characteristics of a corporation, or as a 'new artificial person,' is not a sufficient reason for regarding it as a corporation within the

jurisdictional rule heretofore adverted to. That rule must not be extended." 177 U.S. 449, 457, 20 S.Ct. 690, 693.

4. The author also states, however, that " * * * it should be clearly understood that this is a suggestion as to how the law should develop and not a statement as to present law."