Earl SIMPSON, Plaintiff

v.

R. H. DE VAULT and James C. DeVault, t/a R. H. DeVault & Son, Defendants.

Civ. A. No. 717.

United States District Court
W. D. Virginia,
Abingdon Division.

Oct. 15, 1959.

Ralph H. Brumet, Bristol, Va., for plaintiff.

A. B. Cooper, Jr., Bristol, Va., and Fred C. Parks, Abingdon, Va., for defendants.

THOMPSON, Chief Judge.

In this case the plaintiff, Earl Simpson, seeks to recover damages for personal injuries which he sustained in the course of his employment as an employee of the defendants, R. H. DeVault and James C. DeVault, partners doing business as a partnership under the name of R. H. DeVault & Son.

The complaint alleges:

"That the complainant is a resident of Bristol, Tennessee; the defendants are residents of the City of Bristol, Tennessee."

"That the complainant was employed by the defendants at their place of business in Bristol, Virginia."

The case is now before the Court on the motion of the defendants to dismiss on the grounds that the Court is without jurisdiction as there is no diversity of citizenship of the parties as required by 28 U.S.C.A. § 1332. It is admitted that the plaintiff and each member of the partnership are citizens of Tennessee.

The only question to be decided is:

Does the fact that the defendants transact their partnership business in Virginia constitute diversity of citizenship so as to confer jurisdiction on this Court when the plaintiff and all members of the defendant partnership are citizens of the state of Tennessee?

The Court, having heard argument of counsel and maturely considered the motion to dismiss, is of the opinion that the motion to dismiss should be granted.

■ Where a partnership is a party to litigation, diversity depends upon the citizenship of each individual partner.

Justice John Marshall Harlan speaking for the Court stated the rule governing jurisdictional questions, with respect to partnerships, based on diversity of citizenship, as follows:

"The rule that for purposes of jurisdiction and within the meaning of the clause of the Constitution extending the judicial powers of the United States to controversies between citizens of different states, a corporation was to be deemed a citizen of the state creating it, has been so long recognized and applied that it is not now to be questioned. No such rule, however, has been applied to partnership associations although such associations may have some of the characteristics of a corporation. When the question relates to the jurisdiction of a circuit court of the United States as resting on the diverse citizenship of the parties *we must look in the case of a suit by or against a partnership association to the citizenship of the several persons composing such association.*" (Emphasis added.) Great Southern Fire Proof Hotel Co. v. Jones, 1900, 177 U.S. 449, 456, 20 S.Ct. 690, 693, 44 L.Ed. 842.

This case has stood the test of time and has been followed in several more recent cases; see, Arbuthnot v. State Auto. Ins. Ass'n, 10 Cir., 1959, 264 F.2d 260, 261; Grant County Deposit Bank v. McCampbell, 6 Cir., 1952, 194 F.2d 469, 471, 31 A.L.R.2d 909; Levering & Garrigues Co. v. Morrin, 2 Cir., 1932, 61 F.2d 115, 118.

■ It follows that where the plaintiff and defendants are residents of the

same state, and the defendants are members of a partnership with its place of business in another state, and is sued, the fact that the partners transact the partnership business in another state is insufficient to confer jurisdiction on this Court on the grounds of diversity of citizenship, since diversity of citizenship with respect to a partnership is determined by the citizenship of each individual partner, the place of business of the partnership being immaterial.

The motion to dismiss is granted, and an order will be entered accordingly.