**CARSON CONSTRUCTION CO.,** doing business as **Helena Sand & Gravel Company,** a corporation, Plaintiff,

v.

**FULLER–WEBB CONSTRUCTION,** a joint venture, consisting of **George A. Fuller Co.,** a corporation, and **Del E. Webb Corporation,** a corporation; and **George A. Fuller Co.,** a corporation, and **Del E. Webb Corporation,** a corporation, Defendants.

Civ. No. 2240.

United States District Court
D. Montana,
Great Falls Division.

Oct. 16, 1961.

moved to this court by the defendant corporations, George A. Fuller Co. and Del E. Webb Corporation.

Plaintiff has filed an amended motion to remand to the state court on two grounds: (1) " * * * that defendant Fuller-Webb Construction, a joint venture, or partnership association was properly joined and served as a defendant in this action and said association has its principal place of business and office within the State of Montana, where this action was originally brought * * * and that the controversy is not wholly between citizens of different states, as the defendant Fuller-Webb Construction, a joint venture or partnership, is an association organized for and operating principally or wholly within the State of Montana, the same state as that of which plaintiff is a citizen"; and (2) that the defendants Del E. Webb Corporation and George A. Fuller Co. "constitute each of the members of said joint venture, Fuller-Webb Construction, and each respectively consented to be sued in the courts of the State of Montana, and each has filed such consent in the office of the Secretary of State of the State of Montana".

It is admitted that the defendant George A. Fuller Co. is a New Jersey corporation and the defendant Del E. Webb Corporation, an Arizona corporation, and that each of them has qualified to do business in the State of Montana by complying with the provisions of Sections 15–1701 to 15–1713, inclusive, R.C.M. 1947, prescribing the requirements for foreign corporations to do business in the State of Montana. Section 15–1701 provides, inter alia, that a foreign corporation qualifying to do business in Montana shall file a certificate that the corporation "has consented to all the license laws and other laws of the state of Montana relative to foreign corporations and has consented to be sued in the courts of this state, upon all causes of action arising against it in this state", and that service of process may be made upon an agent within the state designated in the certificate. The requisite certificate was filed by each of the cor-

---

Skedd, Harris & Massman and Hollis Gay Connors, Helena, Mont., for plaintiff.

Hall, Alexander & Kuenning, Great Falls, Mont., for defendants.

JAMESON, District Judge.

This action was commenced in the District Court of the First Judicial District of the State of Montana, in and for the County of Lewis and Clark. It was re-

porate defendants and the cause of action arises in the State of Montana. Plaintiff contends that by reason of the "consent to be sued in the courts of this state", these two defendants are on the same basis as domestic corporations and may not remove this cause to the federal court.

Federal courts have jurisdiction over controversies between citizens of different states if the statutory amount is involved. U. S. Constitution, sec. 2, Art. III; 28 U.S.C.A. § 1332. For the purpose of this section and section 1441 of Title 28, "a corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business". Section 1332, as amended July 25, 1958, 72 Stat. 415. Section 1441 provides in pertinent part that, " * * * any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending, * * * only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought".

Insofar as the two corporate defendants are concerned, the controversy is clearly between "citizens of different states", i. e. the plaintiff, a citizen of Montana, and the defendants, citizens of New Jersey and Arizona respectively. Neither corporate defendant was incorporated in Montana, and neither has its principal place of business in Montana. Neither became a citizen of Montana by qualifying to do business and consenting to be sued in the courts of Montana. The right of removal given by a constitutional act of Congress cannot be taken away, restricted, or abridged by any state statute. The Supreme Court has spoken clearly on this subject in a long line of decisions.

In Southern Railway Company v. Allison, 1903, 190 U.S. 326, 337, 23 S.Ct. 713, 717, 47 L.Ed. 1078, 1083, the court said:

"So it seems that a corporation may be made what is termed a domestic corporation, or in form a domestic corporation, of a state in compliance with the legislation thereof, by filing a copy of its charter and by-laws with the secretary of state; yet such fact does not affect the character of the original corporation. It does not thereby become a citizen of the state in which a copy of its charter is filed, so far as to affect the jurisdiction of the Federal courts upon a question of diverse citizenship."

In Harrison v. St. Louis & S. F. R. Co., 1914, 232 U.S. 318, 34 S.Ct. 333, 335, 58 L.Ed. 621, the license of the defendant to do business in Oklahoma had been revoked by the Secretary of State, pursuant to a statute forbidding foreign corporations from asserting any right of citizenship other than in the State of Oklahoma and providing for the revocation and forfeiture of the charter of any corporation filing a petition for removal from the state to federal courts. In holding this act unconstitutional the Court said:

"It may not be doubted that the judicial power of the United States as created by the Constitution and provided for by Congress pursuant to its constitutional authority is a power wholly independent of state action, and which therefore the several states may not by any exertion of authority in any form, directly or indirectly, destroy, abridge, limit, or render inefficacious. The doctrine is so elementary as to require no citation of authority to sustain it. Indeed, it stands out so plainly as one of the essential and fundamental conceptions upon which our constitutional system rests, and the lines which define it are so broad and so obvious, that, unlike some of the other powers delegated by the Constitution, where the lines of distinction are less clearly defined, the attempts

to transgress or forget them have been so infrequent as to call for few occasions for their statement and application. However, though infrequent, occasions have not been wanting, especially on the subject of the removal of causes with which we are now dealing, where the general principle has been expounded and applied so as to cause the subject, even from the mere point of view of authority, to be beyond the domain of all possible controversy."

Plaintiff argues that in any event the rule set forth above would be limited to an action arising in interstate business and not to an action arising from intrastate business. This question was determined adversely to plaintiff's contention in Terral v. Burke Construction Co., 1922, 257 U.S. 529, 532, 42 S.Ct. 188, 189, 66 L.Ed. 352, where the Court said:

"The principle established by the more recent decisions of this court is that a state may not, in imposing conditions upon the privilege of a foreign corporation's doing business in the state, exact from it a waiver of the exercise of its constitutional right to resort to the federal courts, or thereafter withdraw the privilege of doing business because of its exercise of such right, whether waived in advance or not. The principle does not depend for its application on the character of the business the corporation does, whether state or interstate, although that has been suggested as a distinction in some cases. It rests on the ground that the federal Constitution confers up-

on citizens of one state the right to resort to federal courts in another, that state action, whether legislative or executive, necessarily calculated to curtail the free exercise of the right thus secured is void because the sovereign power of a state in excluding foreign corporations, as in the exercise of all others of its sovereign powers, is subject to the limitations of the supreme fundamental law." [1]

The precise question here presented was considered at length in Nyberg v. Montgomery Ward & Co., D.C.W.D.Mich. 1954, 123 F.Supp. 599, 607, where the court held that an Illinois corporation, by obtaining a license to do business in Michigan and appointing a resident agent, did not become a domestic Michigan corporation and citizen of Michigan, and did not lose its right to remove the action to the federal district court on the ground of diversity of citizenship.[2]

Plaintiff cites no cases in support of its position but relies solely upon extensive quotations from American Jurisprudence.[3] Apparently, however, counsel overlooked the paragraph in American Jurisprudence which clearly states the rule here applicable as follows:

"Conformably to the rule that for jurisdictional purposes a foreign corporation is regarded as a citizen of the state of its incorporation, and not of another state in which it is doing business, a foreign corporation sued in a court of a state of which it is not a citizen has the same right as any other nonresident to remove the cause to the national courts, even

1. Other cases holding that a state has no power to withhold, condition or restrict the exercise of the right of removal in cases of diversity of citizenship include Fresquez v. Farnsworth & Chambers Company, 10 Cir.1956, 238 F.2d 709, 60 A.L.R.2d 1255; Central Union Fire Ins. Co. v. Kelly, 8 Cir.1922, 282 F. 772.

2. The court quoted with approval from 2 Cyclopedia of Federal Procedure, 3d Ed. § 3.50, p. 254, which reads in part: "Removal is not precluded by the fact that defendant foreign corporation owns prop-

erty or does business in the state where the action is brought or pending, and of which plaintiff is a citizen; or files its articles of incorporation with the secretary of that state, or that suit and service against it are authorized in the state; or that it has a resident agent within the state upon whom process may be served."

3. 23 Am.Jur., pp. 474–478, Foreign Corporations § 487; p. 488, § 492; pp. 490–492, § 493; and p. 492, § 494.

though it may be doing business in, or is licensed by, or has an office or resident agent or operates, under a lease, a railroad in another state; and it cannot be deprived of this right by the state in which it is sued, either by the enactment of its legislature or by any stipulation exacted of the foreign corporation in pursuance of such enactment, to the effect that it will, if permitted to do business within the state, waive such right of removal." 23 Am.Jur. 520, Foreign Corporations, § 502.

■ It is alleged in the complaint [4] that the defendant Fuller-Webb Construction, "a joint venture, is an organization, or joint venture, formed by the defendant George A. Fuller Co., and the defendant Del E. Webb Corporation, for the purpose of constructing Minute Man Missile facilities for the United States Government within the State of Montana, and the majority, if not all, of the business of the said joint venture is being done within the State of Montana". The affidavits and amended motion to remand add nothing to the allegations of the complaint except to refer to Fuller-Webb Construction as "a joint venture or partnership" and "partnership association".

Section 93–2827, R.C.M.1947, provides that, "When two or more persons, associated in any business, transact such business under a common name * * *, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates * * *." This section is applicable both to partnerships and other types of association.[5]

The Montana Supreme Court has discussed fully the similarities and distinctions between joint adventures and partnerships and has concluded that in general they are similar and analogous, except that a joint venture has narrower functions. In Rae v. Cameron et al., 1941, 112 Mont. 159, 171, 172, 114 P.2d 1060, 1066, the court quoted with approval the following statement from 30 Am.Jur. 699, § 41:

"The rights, duties, and liabilities of joint adventures are governed, in general, by rules which are similar or analogous to those which govern the corresponding rights, duties, and liabilities of partners, except as they are limited by the fact that the scope of a joint adventure is narrower than that of the ordinary partnership."

Whether the joint venture here is a true partnership or some other type of association, it cannot be accorded a citizenship status greater than that accorded a partnership.

■ It is well settled that where a partnership is a party to litigation, diversity of citizenship depends upon the citizenship of each individual partner and not upon the place of business of the partnership entity itself. Great Southern Fire Proof Hotel Co. v. Jones, 1900, 177 U.S. 449, 456, 20 S.Ct. 690, 693, 44 L.Ed. 842, 845; [6] Grant County Deposit Bank v. McCampbell, 6 Cir., 1952, 194 F. 2d 469, 471, 31 A.L.R.2d 909; Sutherland v. United States, 8 Cir., 1934, 74 F.2d 89, 91; Simpson v. DeVault, D.C.W.D.Va. 1959, 177 F.Supp. 914, 915. The same rule applies as to unincorporated associations. Arbuthnot v. State Automobile

4. In determining a motion to remand the court is limited to the facts as set forth in the plaintiff's complaint. John Hancock Mut. Life Ins. Co. v. United O. & P. Wkrs., D.C.D.N.J.1950, 93 F.Supp. 296, 301, and cases there cited.

5. See Gardiner v. Eclipse Grocery Co., 1925, 72 Mont. 540, 544, 234 P. 490; Lindsay Great Falls Co. v. McKinney M. Co., 1927, 79 Mont. 136, 140, 255 P. 25.

6. In Great Southern Fire Proof Hotel Co. v. Jones, the court said: "That a limited partnership association created under the Pennsylvania statute may be described as a 'quasi corporation,' having some of the characteristics of a corporation, or as a 'new artificial person,' is not a sufficient reason for regarding it as a corporation within the jurisdictional rule heretofore adverted to. That rule must not be extended."

Insurance Ass'n, 10 Cir., 1959, 264 F.2d 260, and cases there cited.

In support of its contention that the joint venture of Fuller-Webb Construction should be accorded citizenship in determining the motion to remand, plaintiff relies upon Marshall v. Mole Constructors, D.C.W.D.Pa.1961, 193 F.Supp. 617, 618. In that case, "Mole Constructors, a corporation", was a joint venture composed of four New Jersey corporations, one Ohio corporation, and a New Jersey partnership. Its principal place of business was Baltimore, Maryland. It registered to do business in Pennsylvania. The defendant Mole Constructors moved to dismiss on the ground that the court was without jurisdiction. It was held that registration under the Pennsylvania law "would confer jurisdiction upon this court where the requirements of diversity and jurisdictional amount have been met". The court considered the further question of whether in cases where jurisdiction is founded only on diversity of citizenship, the action must be brought in the judicial district where all plaintiffs or all defendants reside. 28 U.S.C.A. § 1391(a). The court held that *venue* was waived by designating a state officer to receive service of process. This case is clearly distinguishable on two grounds: (1) the joint venture itself was a corporation, which qualified to do business in Pennsylvania; and (2) the question of whether the case should be tried in federal or state court by reason of diversity of citizenship was not involved or considered by the court. There the corporate joint venture had a citizenship status, but it was not held that any action against it must be tried in the state court. On the contrary, it was recognized that jurisdiction would be conferred upon this (the federal) court "where the requirements of diversity and jurisdictional amounts have been met".

Remand is not permitted on either of the grounds urged in plaintiff's amended motion. A determination of the question of diversity of citizenship depends upon the citizenship of the individual members of the joint venture.

Neither became a citizen of Montana by qualifying to do business and consenting to be sued in this state. Both joined in the petition for removal. The requisite diversity of citizenship to establish federal jurisdiction exists, and the case was properly removed to this court. Motion denied.