Michael P. STUART and Nick Nicoludis, trading as Stuart Painting Company, Plaintiffs,

v.

AL JOHNSON CONSTRUCTION CO. and Peter Kiewit Sons' Co., trading as Meldahl Dam Constructors, Defendant.

Civ. A. No. 64–661.

United States District Court
W. D. Pennsylvania.

Nov. 30, 1964.

Henry E. Rea, Jr., of Brandt, Riester, Brandt & Malone, Pittsburgh, Pa., for plaintiffs.

Charles E. Carlsen, of Carlsen, Greiner & Law, Minneapolis, Minn., and Norman J. Cowie, of Pringle, Bredin, Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for defendant.

MARSH, District Judge.

In this action, plaintiffs have brought suit against Meldahl Dam Constructors (Meldahl), a joint venture. Although the caption of the complaint and the brief submitted by plaintiffs confusingly indicated that they had named as defendants, Al Johnson Construction Co. and Peter Kiewit Sons' Co., trading as Meldahl, counsel for movant demonstrated at argument that plaintiffs were suing only Meldahl and not the two corporate members of the joint venture. Counsel for plaintiffs conceded that this was so.[1] Accordingly, I will treat the names of the two companies appearing in the caption as surplusage, and will consider as the sole defendant, Meldahl, a joint venture composed of two foreign corporations.

■ In Pennsylvania, a partnership or joint venture may be sued in the corporate or firm name alone at the election of the plaintiffs. Rules 2128 and 2177, Pennsylvania Rules of Civil Procedure, 12 P.S.Appendix; Rule 17(b), Fed.R. Civ.P.

Plaintiffs seek damages from Meldahl on a claim arising out of a contract between Meldahl, as prime contractor, and plaintiffs, as subcontractor, involving a dam construction project in the State of Kentucky.

Al Johnson Construction Co. presented a "Motion to Dismiss or Strike". It presses three grounds:[2] (1) that "jurisdiction of the court has not been set forth in the complaint, the citizenship not appearing in any affirmative informative manner"; (2) that the "venue of this action is not properly laid in this district"; and (3) that the "service of process in this action is improper because the wrong party was served."

In my opinion the motion should be denied.

### Jurisdiction

■■ A federal court has jurisdiction of a transitory action founded on diversity of citizenship. After argument, with court permission (§ 1653, 28 U.S.C.), the plaintiffs amended their complaint to allege that at the time of filing it they were citizens of Pennsylvania and residents of Allegheny County, Pennsylvania, in this judicial district. Thus, as amended, the complaint contains sufficient allegations of diversity of citizenship between the plaintiffs, citizens of Pennsylvania, and the defendant joint venture, since it is also averred that the two members thereof are not Pennsylvania corporations and neither main-

---

1. Transcript of excerpts of argument of October 5, 1964.

2. Said motion also alleged: (a) that the plaintiffs failed to join an indispensable party in Peter Kiewit Sons' Co., (b) that the complaint "fails to state a cause of action [sic] against this defendant [i. e., the joint venture on whose behalf the pending motion was filed]" and (c)

that "plaintiffs [sic] should not be required to plead to such a complaint" since it "is detailed and prolix and is in violation of the notice pleading rules of the Federal Rules of Civil Procedure." These latter grounds were not briefed by the movant and counsel for the movant advised the court at oral argument that they are not being pressed.

tains its principal place of business in Pennsylvania.[3]

■ It is established that the citizenship of a joint venture, like the citizenship of a partnership and an unincorporated association, for diversity jurisdiction purposes, is determined by the citizenship of the individual members thereof. Carson Construction Co. v. Fuller-Webb Construction, 198 F.Supp. 464, 468–469 (D.Mont.1961); cf. Great Southern Fire Proof Hotel Co. v. Jones, 177 U.S. 449, 455–458, 20 S.Ct. 690, 44 L.Ed. 842 (1900); Feldmann Insurance Agency v. Brodsky, 195 F.Supp. 483 (D. Md.1961). Thus, it sufficiently appears from the complaint that Meldahl, the defendant joint venture, is a citizen of states other than Pennsylvania and this court has jurisdiction founded upon diversity of citizenship.

### Venue

■ In a diversity action, venue is determined by § 1391, 28 U.S.C., which provides:

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district *where all plaintiffs* or all defendants reside." (Emphasis ours.)

Plaintiffs' averment that they reside in this District is not disputed. Therefore, venue of this diversity action is properly laid in this District. "A state cannot by legislation modify or repeal a Congressional statute on the venue of federal courts." McCoy v. Siler, 205 F. 2d 498, 499 (3d Cir. 1953). Accordingly, the Pennsylvania Rules of Civil Procedure relating to venue are inapplicable insofar as they conflict with § 1391.

### Validity of Service of Process [4]

The motion avers that "service of process in this action is improper because the wrong party was served." Following the filing of the motion, the plaintiffs on September 14, 1964, issued an alias summons, Rule 4(a), Fed.R.Civ.P., and caused copies thereof and the complaint to be served by the Marshal upon Al Johnson Construction Co. and Peter Kiewit Sons' Co. at their respective registered offices in Pennsylvania. Exhibits A and B attached to the plaintiffs' brief disclose that each company is a foreign corporation and each has a certificate of authority and a registered office in Pennsylvania. No objection has been made with respect to the sufficiency of the service of process issued September 14, 1964.

■ In my opinion, the service of the alias summons and complaint upon the members of the joint venture at their registered Pennsylvania offices is sufficient service upon Meldahl, the defendant joint venture, and plaintiffs "did not serve the wrong party."

■ The joint venture, through its members, has received ample notice of the pending action against it, and has been served in a manner consistent with the requirements of due process.[5]

■ Pennsylvania Rule of Civil Procedure 2180 provides that service of process upon a corporation or similar entity (defined in Rule 2176 to include any other association which is regarded as an entity distinct from the members composing the association) may be effected by serving its agent. Rule 4(d)(3), Fed.R.Civ.P., is substantially in ac-

---

3. It appears from the affidavit of movant's president that Peter Kiewit Sons' Co. is a Nebraska corporation having its principal place of business in Nebraska, and Al Johnson Construction Co. is a Delaware corporation having its principal place of business in Minnesota.

4. Although counsel for defendant at oral argument stated he was pressing this

issue, his brief and supplemental brief are silent on this subject.

5. Due process does not require that the action against a foreign business entity arise out of that entity's activities in the forum state. Perkins v. Benguet Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952).

cord. See also, Rule 4(d) (7). The members of a joint venture, being the owners, are certainly its agents for service of process.

An appropriate order will be entered.