**FOX-KELLER, INC., Plaintiff,**

v.

**TOYOTA MOTOR SALES, U. S. A., INC. and Toyota Motor Distributors, Inc., Defendants.**

**Civ. A. No. 71–789.**

United States District Court,
E. D. Pennsylvania.

Feb. 24, 1972.

**814**

Franklin Poul, Helen Hull Stern, Wolf, Block, Schorr & Solis-Cohen, Philadelphia, Pa., for plaintiff.

Harold E. Kohn, Aaron M. Fine, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

VAN ARTSDALEN, District Judge.

Defendant, Toyota Motor Sales, U.S.A., Inc., has moved to dismiss this action against it for lack of proper venue. The motion will be granted without prejudice to an application for a change of venue being filed within ten days.

The complaint alleges that defendants violated several provisions of the antitrust laws (15 U.S.C.A. § 1, 13(e) and 14 (1955)); refused to deal in good faith with plaintiff as required by "The Automobile Dealers Day in Court Act" (15 U.S.C.A. § 1222 (1956)); and breach of contract.

Action was originally instituted against the above-named defendants and Toyota Motor Company, Ltd. By stipulation of the parties, the action was dismissed as to Toyota Motor Company, Ltd., upon the further stipulation that Toyota Motor Sales, U.S.A., Inc., and Toyota Motor Distributors, Inc., would be considered as automobile manufacturers as that term is defined in 15 U.S.C.A. § 1222. The issues were submitted on briefs and affidavits and answers to interrogatories relating to the questions of venue. Based on this record, the following constitutes:

## FINDINGS OF FACT

1. Toyota Motor Sales, U.S.A., Inc. (hereafter called Toyota Sales) and Toyota Motor Distributors, Inc. (hereafter called Toyota Distributors) are both corporations, incorporated under the laws of California and have their principal places of business in Torrance, California. Toyota Sales is the exclusive importer in the United States of foreign manufactured Toyota products. Toyota Distributors is a nonexclusive distributor throughout the United States to local Toyota dealers of Toyota products.

2. Fox-Keller, Inc. (hereafter called Fox) is a corporation, incorporated under the laws of Virginia. Fox is a nonexclusive Toyota dealer for the metropolitan area of Washington, D.C., and the eastern portion of the State of Virginia.

3. Toyota Distributors maintains an office in Jenkintown, Pennsylvania, located within the Eastern District of Pennsylvania of the United States Courts. Toyota Sales distributes its products by sales to Toyota Distributors. Toyota Sales maintains no office or agent within the Eastern District of Pennsylvania.

4. Toyota Sales advertises Toyota products through national news media, some of which advertising is distributed in the Eastern District of Pennsylvania through local news media. Toyota Sales also provides the "new car warranty" on imported Toyota automobiles, which warranties are issued to new car purchasers from Toyota Sales through Toyota Distributors to the local Toyota dealers. There are new Toyota automobiles purchased within the Eastern District of Pennsylvania which carry new car warranties issued by Toyota Sales.

## DISCUSSION

### VENUE UNDER ANTITRUST STATUTES

■ Venue in private antitrust actions against a corporate defendant is governed by the special venue provision of 15 U.S.C.A. § 22:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business; and all process in such cases may be served in the district of which it is an inhabitant, or wherever it may be found. Oct. 15, 1914, c. 323, § 12, 38 Stat. 736."

A corporation is said to be an inhabitant of the state of its incorporation.

Aro Manufacturing Co. v. Automobile Body Research Corp., 352 F.2d 400 (1st Cir. 1965), cert. denied, 383 U.S. 947, 86 S.Ct. 1199, 16 L.Ed.2d 210 (1966); Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., 291 F.Supp. 252 (E.D.Pa.1968). Toyota Sales is not an inhabitant of Pennsylvania nor within this district.

The word "found" as used in this section has been defined to mean "presence and 'continuous local activities' within the District." Stern Fish Company v. Century Seafoods, Inc., 254 F.Supp. 151, p. 153 (E.D.Pa.1966); Philadelphia Housing Authority, supra, 291 F.Supp. at p. 255.

The affidavits and answers to interrogatories indicate that Toyota Sales cannot be "found" and does not "transact business" in this district. In the case of United States v. Scophony Corp., 333 U.S. 795, p. 807, 68 S.Ct. 855, p. 861, 92 L.Ed. 1091 (1948), the court said that "a corporation is engaged in transacting business in a district . . . if in fact, in the ordinary and usual sense, it 'transacts business' therein of any substantial character." (Emphasis omitted). Stern Fish Company, supra, 254 F.Supp. at p. 153. Affidavits and answers to interrogatories reveal that Toyota Sales makes no sales directly to distributors or dealers in Pennsylvania. Toyota Sales sells to Toyota Distributors in California and Toyota Distributors ship such products to its offices in Jenkintown, Pennsylvania. In the "ordinary and usual sense," Toyota Sales is clearly not transacting business in Pennsylvania, and cannot be "found" in Pennsylvania. Venue cannot therefore be established under 15 U.S.C. A. § 22.

■■ The general venue statute, 28 U.S.C.A. § 1391(c) is supplemental to the special venue provisions. School District of Philadelphia v. Harper & Row Publishers, Inc., 267 F.Supp. 1006 (E. D.Pa.1967); State of New York v. Morton Salt Co., 266 F.Supp. 570 (E.D.Pa. 1967), aff'd City of Philadelphia, Pa. v.

Morton Salt Co., 385 F.2d 122 (3rd Cir. 1967), cert. denied, 390 U.S. 995, 88 S. Ct. 1195, 20 L.Ed.2d 94 (1968). Philadelphia Housing Authority v. American Radiator & Standard Sanitary Corp., supra. 28 U.S.C.A. § 1391(c) provides as follows:

"(c) A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Toyota Sales is not incorporated in nor is it licensed to do business in Pennsylvania. Is Toyota Sales "doing business" in this district? In the Philadelphia Housing Authority case, supra, it was stated 291 F.Supp. at p. 257 that:

"The concept of 'doing business' is narrower than 'transacting business', i. e., it takes more activity to constitute 'doing business' than it does to meet the 'transacting business' test. Indeed, the prevailing view in this Eastern District is that '[i]n determining how much activity within a district a foreign corporation must engage before such activity will constitute "doing business" for purposes of federal venue, the basic consideration is whether a license would be required of the foreign corporation as a condition precedent to carrying on that activity.'"

I conclude that Toyota Sales is neither "transacting business" in this district, nor "doing business" within the meaning of the statutory provisions relating to venue.

■ 28 U.S.C.A. § 1391(b) provides as follows:

"(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

Since Toyota Sales is not a resident of this district, the question is whether the

claim arose in this district. This question was extensively reviewed in the *Philadelphia Housing Authority* case, *supra,* 291 F.Supp. at pages 259–261. The court applied the "weight of contacts" test to determine where the claim arose. Applying that test, it appears that the contacts between Fox and Toyota Sales, if any, have their situs in Virginia where Fox conducts its business or California where Toyota Sales conducts its business. The claim against Toyota Sales did not arise or grow out of transactions occurring in Pennsylvania. Venue cannot be founded under either 28 U.S.C.A. § 1391(b) or § 1391(c) in this case.

## VENUE UNDER AUTOMOBILE DEALERS DAY IN COURT ACT

■ Turning to the claim under 15 U.S.C.A. § 1222 that act provides in pertinent part as follows:

"An automobile dealer may bring suit against any automobile manufacturer engaged in commerce, in any district court of the United States in the district in which said manufacturer resides, or is found, or has an agent, without respect to the amount in controversy, and shall recover the damages by him sustained and the cost of suit by reason of the failure of said automobile manufacturer from and after August 8, 1956 to act in good faith in performing or complying with any of the terms or provisions of the franchise, or in terminating, canceling, or not renewing the franchise with said dealer: Provided, That in any such suit the manufacturer shall not be barred from asserting in defense of any such action the failure of the dealer to act in good faith. Aug. 8, 1956, c. 1038, § 2, 70 Stat. 1125."

As per the aforementioned stipulation, Toyota Sales has agreed that it is an Automobile Manufacturer as defined in this act. A careful review of the facts, however, indicates that Toyota Sales does not "reside", is not "found", does not transact business and does not have an agent in this district. As pointed out in Snyder v. Eastern Auto Distributors, Inc., 357 F.2d 552 (4th Cir. 1966), cert. denied, 384 U.S. 987, 86 S.Ct. 1889, 16 L.Ed.2d 1004 (1967), the general venue provisions of 28 U.S.C.A. § 1391 et seq. are supplemental to 15 U.S.C.A. § 1222, and to the extent that they are supplemental, they have been discussed. Toyota Distributors cannot, under the facts presented, be found to be the agent of Toyota Sales.

## VENUE ON BREACH OF CONTRACT CLAIM

■ Turning to the allegation of breach of contract, it would appear that jurisdiction as to this claim is based on diversity of citizenship and pendant jurisdiction, to the extent that a breach of the franchise agreement is the basis of the other claims. Venue in a diversity case is governed by 28 U.S.C.A. § 1391 (a).

"(a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in the judicial district where all plaintiffs or all defendants reside."

28 U.S.C.A. § 1391(c) governs venue over a corporation and the "residence" of Toyota Sales has been previously discussed. While it is true that in a diversity case the federal courts must apply applicable state law as to jurisdiction, proper venue is a question of federal law. Stuart v. Al Johnson Construction Co., 236 F.Supp. 126 (E.D.Pa.1964). I have previously discussed the applicability of 28 U.S.C.A. § 1391(c) to the federal claims and my conclusion is the same with respect to this diversity claim. Having reviewed the applicable venue provisions in light of the facts as to Toyota Sales, I conclude that venue is improperly laid in the Eastern District of Pennsylvania.

This court has jurisdiction over all of the parties. Venue in the Eastern District of Pennsylvania is proper as to all parties except Toyota Sales. Pursuant

to 28 U.S.C.A. § 1404(a) (1948), this action could be transferred to a district wherein venue would be proper as to all parties. In the event this action is dismissed as to Toyota Sales for lack of proper venue, it appears to be entirely possible that another action could be instituted against Toyota Sales by plaintiff within a proper district and thereafter such action and the present action could be transferred to one district or the other for consolidation and trial. This decision may, therefore, make little practical difference to the ultimate outcome. Nevertheless, since I hold that as to Toyota Sales, venue within the Eastern District of Pennsylvania is improper, the action to dismiss will be granted. The grant of the motion will, however, be without prejudice to any party moving within ten (10) days to transfer this action to a district wherein venue as to all parties would be valid.