**HEIBERG et al. v. HASLER.**

Civil Action No. 818.

District Court, E. D. New York.

March 19, 1941.

Supplemental Opinion March 31, 1941.

See, also, D.C., 1 F.R.D. 737.

Jules Chopak, of New York City, for plaintiffs (opposed).

Edward M. Fuller, of New York City, for defendant (for motion).

BYERS, District Judge.

This is a defendant's motion for summary judgment under Federal Rules of Civil Procedure, rule 56, 28 U.S.C.A. following section 723c, in a negligence cause wherein the female plaintiff, being in the defendant's employ and acting as her personal attendant, was injured while she and her employer were traveling in the defendant's automobile in France, on July 23, 1937.

The complaint alleges that the accident happened as the result of violations of sundry provisions of the laws of the then Republic of France; these, apparently, the defendant denies, although that is not too clear.

The defendant's main reliance is upon statutory provisions of France, which she asserts deprive the plaintiff of recovery of other than compensation for "accidents occurring as a result of employment or during work to workers and employees engaged in * * *" specified occupations, which statute was in terms extended to "domestic servants, household workers, wage earners, janitors and employees of similar nature of whatever title, personal or otherwise".

■ What indeed was the law of France, effective at the time, is a question of fact; that is so well established that the citation of authority would be superfluous.

■ The affidavits pro and con, as to the applicability of the statute referred to, are of impressive bulk and are necessarily argumentative; whatever else they fail to accomplish, they render it quite clear that there is present a genuine and meritorious conflict which the Court should be unwilling to resolve on the basis of such media, unless the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, intend that, for "speedy justice", there is to be substituted "justice in a hurry".

Seemingly the plaintiff suffered serious and permanent disability which, if caused by the defendant's negligence, i.e., that of her chauffeur, would entitle the injured plaintiff to a substantial verdict; it is understandable why, in the financial sense, the defendant should wish to minimize her liability by insisting upon the efficacy of the statute in question to circumscribe plaintiff's recovery, but it does not follow that the latter should be deprived of an opportunity, at the trial, to demonstrate by such testimony as she can adduce, that the defendant's assertions concerning this particular French law are not dispositive of her cause.

I find nothing, for instance, in the defendant's voluminous discussions and citations that establishes that Gigg Heiberg's injuries were inflicted "during work" which seems to be the equivalent of "a result of employment" within the said statute. It might be argued with plausibility at least, that while she happened to be a lady's maid on the day in question, that was not the reason for her presence in the automobile, nor was she then so functioning. At the trial, there might be evidence to illuminate that subject. Then, too, whether the statute is available to the defendant at all, is far from clear.

The defendant is rather insistent that the question of fact, assuming one to be present (which is somewhat reluctantly conceded to be possible) should be referred to a Special Master appointed to inquire into the matter at large, and report his findings to the Court. That would be a very sensible proceeding, but as the plaintiff is in humble circumstances, and the defendant's showing by her affidavit in a companion motion, D.C., 1 F.R.D. 737, is one of affluence, the fees and stenographer's charges for minutes would have to be paid by her in the first instance, with ultimate allocation as may seem to be fair when the case shall have come to a close; otherwise that suggestion cannot be availed of.

Motion denied. Settle order.

### Supplemental Opinion.

The order denying defendant's motion for summary judgment pursuant to decision filed March 19, 1941, should provide:

(1) That on all the motion papers filed by the respective parties pro and con, the motion is denied, without prejudice to the renewal thereof upon the filing of the Report and Findings of the Special Master herein appointed.

(2) That the questions so presented touching the law of the Republic of France effective July 23, 1937, so far as the rights and remedies of the plaintiff against the defendant are involved, are deemed complicated within Federal Rule 56(b), 28 U.S.C.A. following section 723c, and therefore are referred to ——— as Special Master to take testimony and report his findings to the Court with all reasonable diligence and in any case prior to April 30, 1941, subject to extension on certificate of necessity by the Master.

(3) The proceedings before the Master are to be governed by the provisions of Federal Rule 53, and his rulings upon the admissibility of evidence may be reviewed upon consideration of his Report by the Court.

(4) The compensation of the Special Master and of the stenographic reporter of the proceedings designated by him, under Federal Rule 80(a), are to be paid in the first instance by the defendant, and are to be allocated ultimately as the Court shall direct, when the case shall have come to a close.

Either party may prepare and submit such an order, upon 2 days' notice.

