## CAMPANA CORPORATION v. HARRISON.

### No. 8112.

Circuit Court of Appeals, Seventh Circuit.

May 12, 1943.

Samuel O. Clark, Jr., Sewall Key, and N. Barr Miller, Asst. Attys. Gen., A. F. Prescott and George H. Zeutzius, Sp. Assts. to Atty. Gen., and J. Albert Woll, U. S. Atty., and Austin Hall, Asst. U. S. Atty., both of Chicago, Ill., for appellants.

J. F. Riordan, E. J. Quinn, and Geo. I. Haight, all of Chicago, Ill., and Elden Mc-Farland, of Washington, D. C., for appellee.

Before MAJOR, KERNER, and MINTON, Circuit Judges.

MINTON, Circuit Judge.

During July, 1933 and each month thereafter to and including March, 1939, the plaintiff-appellee, herein referred to as the Corporation, manufactured a toilet preparation known as Italian Balm, and was subject to a manufacturers' excise tax thereon, pursuant to Revenue Act 1932, § 603, 47 Stat. 169, 259, 26 U.S.C.A. Int.Rev.Code, § 3401.

In September, 1933 the Corporation began to manufacture and did manufacture each month to and including March, 1939, another toilet preparation known as Dreskin, also subject to the same tax. The Corporation on July 1, 1933 entered into a contract with the Campana Sales Company, herein referred to as the Sales Company, for the exclusive distribution of its product. The Sales Company was owned through stock ownership by the same stockholders that owned and controlled the Corporation. The Corporation made its excise tax return on the basis of the price at which it sold its product to the Sales Company, and paid the tax on that basis. The Commissioner reassessed the tax of July, 1933, brushing aside the Sales Company and treating its contract as one not dealing at arm's length, and fixed the tax on the basis of the sale price obtained by the Sales Company. The Corporation paid the additional tax under protest and sued to recover the claimed excess. The Corporation recovered judgment below, and this Court in Campana Corporation v. Harrison, 7 Cir., 114 F.2d 400, decided that the transaction between the Campana Corporation, the manufacturer, and the Campana Sales Company was not an arm's length transaction, and that the tax should be assessed on the basis of the sale price received by the Sales Company and not on the basis of the sale price of the manufacturer to the Sales Company. This Court allowed the costs of selling and advertising as a deduction from such sale price.

In its returns following July, 1933 to and including March, 1939, the Corporation used as a basis from which to compute the tax its sale price to the Sales Company. The Commissioner reassessed the tax in each return on the basis of the sale price obtained by the Sales Company, that is to say, the basis of the computation of the tax by the Corporation and the Commissioner was the same as that employed by each of the parties in July, 1933, and litigated in Campana Corporation v. Harrison, supra.

The Corporation paid the difference under protest and filed claim for refund; and upon denial thereof, it brought the present suit to recover the alleged excessive assessment. After September, 1933, the returns covered Dreskin as well as Italian Balm.

In its complaint the Corporation alleged that the articles were sold through arm's length transactions and that it had not passed the tax on to the purchaser in the price of the article. Whether it was an arm's length transaction was material. If it were not, the contract with the Sales Company could be ignored and the price obtained by the Sales Company became the price of the manufacturing company, under our decision in Campana Corporation v. Harrison, 7 Cir., 114 F.2d 400. Whether the tax had been passed on to the purchaser also was material. If it had, the Corporation could not recover without the purchaser's consent.

In his answer, the Commissioner denied specifically that the articles were sold by the Corporation to the Sales Company in an arm's length transaction, and also denied that the Corporation had not passed the tax on.

The Corporation filed a motion for summary judgment, with affidavits to show that it had not passed on the tax. The Commissioner filed counter-affidavits and his motion for summary judgment, and the Corporation filed affidavits in rebuttal. These affidavits and the exhibits attached to them comprise over nine hundred pages of the record. The District Court sustained the motion of the Corporation for summary judgment.

The Commissioner has appealed, and has raised three questions in his brief:

First, Did the Court err in granting the Corporation's motion for summary judgment?

Second, Was the first case, Campana Corporation v. Harrison, 7 Cir., 114 F.2d 400, res judicata?

Third, Were the selling and advertising expenses properly deducted?

As to the first question. The purpose of Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c was to enable the court to enter summary judgment when the pleadings, and affidavits that may have been filed with the pleadings, clearly showed that there was no issue of fact to be tried. The court in such proceedings is not permitted to try on the

affidavits submitted an issue of fact which is presented by the pleadings. In the case at bar, the Corporation alleged in its complaint that it bore the burden of the tax and that its dealings with the Sales Company were at arm's length. The Commissioner in his answer denied these allegations. This presented sharp, clear issues of fact. Affidavits were filed to prove and to disprove these issues of fact, and the court on these conflicting affidavits undertook to resolve the conflict. This action of the court was not proper on the motion for summary judgment. The affidavits did not demonstrate that there were no issues of fact; they demonstrated that there were decided issues of fact. The Commissioner could not be foreclosed on the right to a trial on those issues by the entry of summary judgment. Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 130 F.2d 1016; Heiberg v. Hasler, D.C., E.D.N.Y., 1 F.R.D. 735.

■ The Corporation contends that the case of Campana Corporation v. Harrison, 7 Cir., 114 F.2d 400, is res judicata in this case. We do not think that it is. Certain propositions of law were decided in that case between the same parties as here, on the facts existing in that case. Those propositions are binding in the present case. In the case at bar, the parties are the same, the circumstances comparable, and the defense similar, yet the cause of action is not the same. It is not the same taxes that are being sued for. The products are not the same. Dreskin figures in the sales after September, 1933, and was not in the case reported in 114 F.2d 400.

At least two issues of fact are sharply presented in the pleadings in the instant case. First, Was the contract between the Campana Corporation, the manufacturer, whereby it sold its product to the Campana Sales Company, a dealing at arm's length? The Commissioner denies that it was an arm's length transaction. What the facts are we have no way of knowing, since the prior case involved only the month of July, 1933. Whether they were the same as in the other case, we do not know.

The other issue is whether the Corporation passed the tax on to the purchaser as part of the purchase price. Whether the conditions remain the same as in the former case, no one knows. The facts must be the same to work an estoppel against the Commissioner as to this defense. In addition,

what the facts are with reference to Dreskin and how it was handled, no one knows. These were matters that were not considered and could not be considered in the former suit, because the tax involved is not the same, and the facts relating thereto are not the same. The doctrine of res judicata does not apply to such undetermined matters if the cause of action sued upon is not the same. Cromwell v. Sac County, 94 U.S. 351, 353, 24 L.Ed. 195.

The Corporation has relied heavily upon Tait v. Western Maryland R. Co., 289 U.S. 620, 53 S.Ct. 706, 708, 77 L.Ed. 1405. In holding that the rule of res judicata applied there, the court stated: "But the Circuit Court of Appeals has found that all the facts stipulated in the present cause were before it in the former one, and we accept this finding."

That is not the fact in the present case. We do not know what the facts are under the two issues presented by the pleadings in this case, nor do we know how the product Dreskin was handled. This product was not in the other case. Since the cause of action is different and the facts are not the same, the Commissioner is not estopped by the prior judgment.

■ The Commissioner has asked us to overrule Campana Corporation v. Harrison, 7 Cir., 114 F.2d 400, insofar as it holds that the selling and advertising costs may be deducted from the basis of the sale price of the Campana Sales Company. Since our opinion in that case, Congress has repealed entirely the statute imposing the manufacturers' excise tax here involved. Before that Congressional action and subsequent to the attachment of the taxes here involved, Congress had amended the statute so as to permit the deduction of these expenses. 53 Stat. 862, 863, 26 U.S.C.A. Int.Rev.Code, § 3401. We thought the statute was capable of a construction that would permit such deductions, authorized by the amendment, before the amendment was passed. We still think so. The fairness of this construction is borne out by subsequent events. We think Congress intended all along that these expenses were deductible as "other charges" within the meaning of Sec. 619 (a), 47 Stat. 169, 267, 26 U.S.C.A. Int.Rev. Code, § 3441(a). We are not disposed to disturb our decision in the former case.

The judgment of the District Court is reversed and remanded with instructions to proceed in accordance with this opinion.