**REMINGTON'S DAIRY**

v.

**RUTLAND RY. CORP.**

Civ. A. No. 1567.

United States District Court, District of Vermont.

May 21, 1954.

Christopher A. Webber, Rutland, Vt., for plaintiff.

Edwin W. Lawrence, Rutland, Vt., for defendant.

GIBSON, Judge.

The complaint in this civil action was brought in the name of the partnership, Remington's Dairy, a Rhode Island entity. The defendant moved to dismiss on two grounds, i. e. that the partnership has no right to maintain the action in its own name, and that the complaint fails to show diversity of citizenship of the parties. Thereafter, the plaintiff moved to amend its complaint so as to allege the citizenship of the members of the partnership. By agreement of counsel, the matter was submitted on briefs and argument was waived.

The Federal Rules, in defining the capacity of parties other than individuals and corporations, provide in part: "In all other cases capacity to sue or be sued shall be determined by the law of the state in which the district court is held * * *." Rule 17(b), F.R.C.P.

It is clear that under the law of this state, a partnership may bring suit in its firm name. Sec. 1565 of the Vermont Statutes, Revision of 1947, provides that "A partnership * * * may sue and be sued in its firm * * name * * *." See F. R. Patch Mfg. Co. v. Capeless, 79 Vt. 1, 63 A. 938. It follows, therefore, that the complaint here in issue was properly brought in the name of the partnership, and the first ground of defendant's motion will be deemed faulty.

Plaintiff's motion to amend is more directly concerned with the second ground of defendant's motion to dismiss, and the two might well be discussed together.

It seems a settled rule that—as far as diversity is concerned—a partnership will be deemed to be a resident of the district wherein it has its principal place of business. Darby v. Philadelphia Transportation Co. D.C.E.D.Pa., 73 F.Supp. 522. It appears here that the plaintiff has its principal place of business in Rhode Island, and inasmuch as the plaintiff's motion is aimed only at a clarification of the diversity issue, it ought to be granted.

Therefore, it is the order of this Court that the following entries be made: "Defendant's motion denied on all grounds."; "Plaintiff's motion to amend granted."