**JACQUES KRIJN EN ZOON, Plaintiff,**
v.
**Adolph L. SCHRIJVER, Defendant.**
United States District Court
S. D. New York.

June 18, 1957.

Shearman & Sterling & Wright, New York City, Charles C. Parlin, Jr., New York City, of counsel, for plaintiff.

Salomon & Mainzer, New York City, Jacob Freed Adelman, New York City, of counsel, for defendant.

LEVET, District Judge.

The defendant has made two motions in this matter: (1) To dismiss the action upon the ground that it appears on the face of the complaint that the court does not have jurisdiction over the parties herein or over this action and that the plaintiff does not have capacity to sue; and (2) To require the plaintiff (or plaintiffs) to file security for costs in such amount as may be fixed by the court.

The complaint alleges that at all times hereinafter mentioned the plaintiff was and still is a limited partnership ("commanditaire vennootschap"), duly organized and existing under the laws of the Kingdom of the Netherlands. The second paragraph alleges that the defendant is a citizen of the State of New York; the third paragraph, that the matter in controversy exceeds the sum of $3,000, exclusive of interest and costs. The action apparently is for an accounting and for judgment against the defendant for any sum or balance found to be due.

The defendant contends that since it appears in the complaint that the managing partners of the plaintiff are deceased, the partnership is dissolved and that no action can be brought since it allegedly has no legal status. The defendant further alleges that the plaintiff cannot sue in the partnership name without alleging in the title, as well as the complaint, the identity of the partners, their respective relationships thereto and their citizenship. Incidentally, it appears that the defendant by notice pursuant to Rule 1 of the Rules of this court demanded that the plaintiff furnish a verified statement setting forth the proper addresses and residences of all the persons comprising the plaintiff-partnership mentioned in the complaint. In answer, the plaintiff served a statement, as follows:

"1. Plaintiff is a 'commanditaire vennootschap' in liquidation pursuant to the laws of the Kingdom of the Netherlands.

"2. The addresses and residences of its duly appointed liquidators are:

"a) Henri Bernard Wieringa, a citizen of the Netherlands, residing at 2 Dysselhofplantsoen, Amsterdam, Netherlands; and

"b) Laurens Jan De Haan, a citizen of the Netherlands, residing in

Rotterdam, Netherlands, street address at present unknown."

Rule 17(b) of the Federal Rules of Civil Procedure provides in substance that the capacity of a partnership to sue shall be determined by the law of the state in which the District Court is held. Furthermore, Section 222-a of the New York Civil Practice Act provides in part as follows:

"Two or more persons carrying on business as partners may sue or be sued in their partnership name whether or not such name comprises the names of the persons."

The complaint alleges that the plaintiff was and still is a limited partnership. Since on this motion allegations of the complaint must be accepted as true, we must assume that the plaintiff is an existing partnership and, therefore, is entitled to bring suit in this manner. It has been held that as far as diversity of citizenship is concerned, a partnership will be deemed to be a resident of the district wherein it has its principal place of business. See Remington's Dairy v. Rutland Ry. Corp., D.C.D.Ver., 1954, 15 F.R.D. 488. The allegation in the complaint that plaintiff is an existing partnership under the laws of the Kingdom of the Netherlands is a question of fact dependent upon the Dutch law. See Heiberg v. Hasler, D.C.E.D.N.Y., 1941, 1 F.R.D. 735. Insofar as the law of New York is concerned, a dissolution of a partnership does not terminate its existence. See § 61 of the New York Partnership Law, McKinney's Consol.Laws, c. 39.

If defendant wishes to controvert plaintiff's legal existence and capacity to sue under the Dutch law, he may do so in his answer as provided by Rule 9(a) of the Federal Rules of Civil Procedure.

The defendant also contends that the citizenship of the plaintiff is not sufficiently pleaded for diversity purposes. This has been held otherwise in respect to a similar situation under the laws of Puerto Rico. See Puerto Rico v. Russell, 288 U.S. 476, 53 S.Ct. 447, 77 L.Ed. 903. In any case, it would depend upon the law of the Kingdom of the Netherlands. The New York Court of Appeals has followed the same principle. See Ruzicka v. Rager, 305 N.Y. 191, 197–198, 111 N.E.2d 878, 39 A.L.R.2d 288.

Accordingly, defendant's motion to dismiss the action is denied.

The motion for security for costs is granted and the amount fixed is $2,000, without prejudice to the defendant to apply for an increase thereof in the event that depositions become necessary. It is exceedingly doubtful if the defendant, even though ultimately successful, will be entitled to any allowance for attorney's fees. Such allowances in equity actions are usually limited to representative actions or those in which a fund or trust is involved.

Settle order on notice.