**FELDMANN INSURANCE AGENCY**

v.

**Louis BRODSKY et al., and Lillian M. Brodsky, Interpleaded Defendant,**

v.

**LIFE AND CASUALTY INSURANCE COMPANY OF TENNESSEE, a body corporate, Garnishee.**

**Civ. A. No. 11857.**

United States District Court
D. Maryland.

June 19, 1961.

**484**

Morris Rosenberg, Baltimore, Md., for plaintiffs.

Arthur L. Willcher, Washington, D. C., for defendants.

Robert R. Bair, Venable, Baetjer & Howard, Baltimore, Md., for garnishee.

R. DORSEY WATKINS, District Judge.

Plaintiff obtained a $20,000 judgment in the Circuit Court for Prince George's County, Maryland against the B & F Transportation Company, Inc., and/or Louis Brodsky. Subsequently plaintiff caused an attachment on judgment directed to the goods, chattels, credits, etc. of the said Louis Brodsky to be served on Life and Casualty Insurance Company of Tennessee as garnishee. The insurance company, by timely petition, secured the removal[1] of the garnishment proceeding to this court where it filed an an-

swer to the proceeding joined with a counterclaim for interpleader and moved to make Louis Brodsky's wife a party defendant to such counterclaim, which motion was granted. Thereafter, the plaintiff, Louis Brodsky, and Lillian M. Brodsky, the interpleaded defendant, all moved to dismiss the counterclaim and to remand the proceeding to the state court based on the ground of lack of diversity of citizenship between the plaintiff, a co-partnership, composed of Sam W. Brecher and Pauline L. Feldmann, both citizens of the State of Maryland, and the Brodskys, likewise citizens of Maryland.

Garnishee takes the position that a partnership must be considered to be resident in and to be *a citizen* of the state in which its principal office is located. It is alleged, and not denied, in the garnishee's petition for removal and in its counterclaim for interpleader that the Feldmann Insurance Agency has its principal office and place of business in the District of Columbia. Accordingly, garnishee argues that diversity of citizenship does exist between the partnership Feldmann Insurance Agency on the one hand and Louis and Lillian M. Brodsky on the other hand. To support its position, garnishee cites Jacques Krijn En Zoon v. Schrijver, D.C.S.D.N.Y.1957, 151 F.Supp. 955, 957, stating "as far as diversity of citizenship is concerned, a partnership will be deemed to be a *resident*[2] of the district wherein it has its principal place of business." Garnishee also relies upon Remington's Dairy v. Rutland Railway Corporation, D.C.D.Vt. 1954, 15 F.R.D. 488, and Darby v. Philadelphia Transportation Company, D.C.E. D.Pa.1947, 73 F.Supp. 522. The rule enunciated in these cases has nothing whatsoever to do with determining the citizenship of a partnership. It is apparent from the above quotation itself

1. Whether or not a garnishment proceeding may be removed to a Federal Court is a question upon which the courts are in disagreement. Many of the conflicting cases are cited in footnote 1 at page 98 in the case of Stoll v. Hawkeye Casualty Company of Des Moines, Iowa, 8

Cir., 1950, 185 F.2d 96. The problem is also the subject of an annotation in 22 A.L.R.2d 904. In the view that this court takes of the present proceeding, it does not become necessary to reach this issue.

2. Emphasis supplied.

that venue was the issue before the court. This conclusion is fortified by an examination of the cases which reveals that the Schrijver case cites the Rutland Railway case, which in turn cites the Darby case, wherein the court specifically recognizes that the citizenship of a partnership rests upon the citizenship of its individual members. In the Darby case after holding that diversity did in fact exist, the court then passed on to the question of venue relying upon Judge Learned Hand's opinion in Sperry Products, Inc. v. Association of American Railroads et al., 2 Cir., 1942, 132 F.2d 408, 145 A.L.R. 694, certiorari denied 1943, 319 U.S. 744, 63 S.Ct. 1031, 87 L.Ed. 1700, which although dealing with an unincorporated association, is helpful to the consideration of when and for what purposes a partnership may constitute a jural entity. Judge Hand, having noted that the common law assimilated an unincorporated association to a partnership, went on to make the following pertinent comments:

" * * * Moreover, *in the matter of jurisdiction over the subject matter, an unincorporated association is disregarded: when for example jurisdiction depends upon diversity of citizenship, it is the citizenship of the members alone which counts.* Levering & Garrigues Co. v. Morrin, 2 Cir., 61 F.2d 115. Thus, for most purposes the law still looks at such associations as mere aggregations of individuals. Since, however, for the purpose of suit it has come to regard them as jural entities, we can see no reason why that doctrine should not be applied consistently to other procedural incidents than service of process, and venue is one of such incidents. Certainly that promotes simplicity, and simplicity was one of the conveniences which induced the original change. Therefore in construing § 48, Jud.Code, 28 U.S.C.A. § 109, in its application to an unincorporated association it seems inevitable that we should attribute an 'inhabitancy'

to it as though it were a single jural person and not an aggregate." 132 F.2d 408, 410–411; emphasis supplied.

Thus the distinction between jurisdiction over the subject matter and venue jurisdiction is succinctly pointed out.

▪ Even had the cases cited by garnishee supported its position, this court would not have found them to be persuasive or authoritative as in 1900 the United States Supreme Court ruled directly on point and directly contrary to garnishee's contention, stating:

"It has been suggested that the plaintiffs are entitled to sue, and may be sued, by their association name. 1 Brightly's Purdon's Digest, Pa. (12th ed.) 1088, title Joint Stock Companies, § 16. But the capacity to sue and be sued by the name of the association does not make the plaintiffs a corporation within the rule that a suit by or against a corporation in its corporate name in a court of the United States is conclusively presumed to be one by or against citizens of the state creating the corporation. Louisville, Cincinnati & Charleston Railroad Co. v. Letson, 2 How. 497 [11 L.Ed. 353]; Ohio & Miss. R. R. Co. v. Wheeler, 1 Black, 286 [17 L.Ed. 130]; [National] Steamship Co. v. Tugman, 106 U.S. 118, 120 [1 S.Ct. 58, 27 L.Ed. 87, 88]. The rule that for purposes of jurisdiction and within the meaning of the clause of the Constitution extending the judicial powers of the United States to controversies between citizens of different states, a corporation was to be deemed a citizen of the state creating it, has been so long recognized and applied that it is not now to be questioned. No such rule however has been applied to partnership associations although such associations may have some of the characteristics of a corporation. When the question relates to the jurisdiction of a Circuit Court of the United States as resting on the diverse citi-

zenship of the parties we must look in the case of a suit by or against a partnership association to the citizenship of the several persons composing such association.

\* \* \* \* \* \*

"That a limited partnership association created under the Pennsylvania statute may be described as a 'quasi corporation,' having some of the characteristics of a corporation, or as a 'new artificial person,' is not a sufficient reason for regarding it as a corporation within the jurisdictional rule heretofore adverted to. *That rule must not be extended. We are unwilling to extend it so as to embrace partnership associations.*" Great Southern Fire Proof Hotel Co. v. Jones, 1900, 177 U.S. 449, 455–456, 457, 20 S.Ct. 690, 693, 44 L.Ed. 842; emphasis supplied.

This holding has never been changed by the Supreme Court. Consequently, it has been followed to date in those cases involving unincorporated associations and partnership associations and is of course binding on this court. For a comprehensive listing of cases and authorities see Arbuthnot v. State Automobile Insurance Association, 10 Cir., 1959, 264 F.2d 260, 261–262; Simpson v. De Vault, D.C.W.D.Va.1959, 177 F.Supp. 914, 915. Accordingly, plaintiff partnership[3] being composed entirely of individuals who are citizens of Maryland is itself a citizen of Maryland and no diversity exists between it and the Brodskys.

▮▮▮ However, from this conclusion it does not of necessity follow that re-

mand is in order. The nature of the proceeding before the court must be considered. Louis Brodsky, the defendant in the state court judgment case, is a party to the present garnishment proceeding. Ordinarily, in Maryland, "[i]n essence, attachment and garnishment is an action by the defendant against the garnishee for the use of the plaintiff." Cole v. Randall Park Holding Co., 1953, 201 Md. 616, 623, 95 A.2d 273, 277, 41 A.L.R.2d 1084. Thus it can be argued that defendant Brodsky should be aligned for jurisdictional purposes with the plaintiff. In re Removal Cases, 1879, 10 Otto 457, 468, 100 U.S. 457, 468, 25 L.Ed. 593. Baker v. Duwamish Mill Co., C.C. W.D.Wash.1906, 149 F. 612, 613; Randolph v. Employers Mutual Liability Ins. Co. of Wisconsin, 8 Cir., 1958, 260 F.2d 461, 464, certiorari denied 1959, 359 U.S. 909, 79 S.Ct. 585, 3 L.Ed.2d 573; E. C. Robinson Lumber Co. v. Fort, D.C.E.D. Mo.1953, 112 F.Supp. 242. These cases are merely illustrative of the well established principle that, in determining diversity of citizenship for the purpose of removal, parties litigant should be aligned in accordance with their actual interest in the controversy, irrespective of any alignment made by the pleadings. In each of these cases the requisite diversity was established where diversity between the garnishee on the one hand and the plaintiff and the defendant on the other hand existed. The cases are clearly distinguishable from the instant action as in each of them the garnishee denied liability to the defendant and therefore the interests of the plaintiff

---

3. The judgment in the state court was obtained by the partnership suing in its firm name solely. Again, as with the controversial issue of removability of garnishment proceedings, because of the view that this court takes of the issues presented by the pending motions it does not become necessary for this court to consider whether or not, under Maryland Law, a partnership has the capacity to bring suit in its own name or whether it can sue only in names of the partners. This question was before the state court which concluded that the plaintiff partnership could bring suit in its rec-

ognized group name. An appeal was noted to the Maryland Court of Appeals from said decision. Thereafter the appeal was dismissed and thus the opinion and order of Judge John B. Gray, Jr. became final. Such a ruling of a nisi prius state court is entitled to respect but is not binding upon this court even though jurisdiction is based on diversity of citizenship. This court, accordingly, wishes to make it clear that it intimates no opinion as to the proper ruling as to the partnership's capacity to sue as a jural entity in its firm name.

and defendant were alike in establishing liability by the garnishee to the defendant. Likewise the interest of the garnishee, due to its denial of liability, was adverse to both plaintiff and defendant. Accordingly, when parties were properly aligned plaintiff and defendant, citizens of the same state, were on one side of the controversy and the garnishee, a citizen of another state, was on the other side, thus giving rise to the requisite diversity of citizenship. In the instant case, the garnishee does not deny liability to defendant Louis Brodsky. Without belaboring the facts, garnishee in its petition for removal alleges that defendant Louis Brodsky made application to it for a loan in the amount of $10,675.47 to be secured by five insurance policies issued by garnishee insuring the life of said defendant; that loan checks were subsequently delivered by garnishee to plaintiff Feldmann Insurance Agency, a broker of the garnishee in the Washington, D. C. area, for further delivery to the insured defendant; that plaintiff thereupon proceeded to attach said loan checks in its own hands and to garnish all other goods, chattels and credits of defendant Brodsky in the hands of the garnishee in this proceeding [4] and that "said Attachment and said Garnishment are ineffective by reason of the exemption statute contained in Annotated Code of Maryland, Article 48A, section 166 and the merits of such proceedings are completely without foundation and will be disputed * * *".[5] Rather than being a denial of liability to defendant Louis Brodsky these allegations admit liability but contest the effectiveness of the attachment and garnishment. It is significant that in the state court proceedings Mr. Brodsky contested the effectiveness of the attachment and that Mrs. Brodsky's petition in the state court to establish her right to the life insurance policies in question claimed them to be exempt from attachment in accordance with section 166 of Article 48A, Annotated Code of the Public General Laws of Maryland, 1957 Edition. It is clear that the defendants, citizens of Maryland, and the garnishee, a citizen of Tennessee, are aligned on the side of the controversy where both will contest the validity of the attachment and garnishment. The plaintiff, on the other hand, will take the position that the attachment and garnishment in the proceeding removed to this court are valid. The plaintiff and defendants have no common interest in the case at bar and therefore cannot be aligned on the same side of the controversy for the purpose of creating diversity of citizenship as was done in the Baker, Randolph and Robinson Lumber cases cited above. That garnishee must contest its liability to defendant Louis Brodsky under the insurance policies to create the requisite diversity by realignment is clearly indicated by an analysis of these cases. As liability is not denied, the instant proceeding must be remanded to the state court. Since the claim for interpleader is not an original action but is merely ancillary to the original garnishment proceeding now to be remanded, the counterclaim should be dismissed.

The counterclaim for interpleader is hereby dismissed and the sum of $10,208.34, the aggregate amount of the checks representing the proceeds of the aforesaid policy loans, heretofore paid into the registry of this court by the garnishee ordered returned to garnishee. The garnishment proceeding is remanded to the state court from which it was improperly removed.

4. Of the two separate actions brought in the state court each in the nature of an attachment on judgment only the one laid in the hands of Life and Casualty Insurance Company of Tennessee was removed to this court.

5. See In re Posin, D.C.D.Md.1960, 183 F. Supp. 380, affirmed per curiam, sub nomine Brown v. Posin, 4 Cir., 1960, 284 F.2d 300.