UNIVERSAL STEEL & METAL
CO. (1975) LTD.

v.

RAILCO, INC., Foley Brothers, Inc. and Foley-Railco, a joint enterprise composed of each of the aforesaid corporations.

Civ. A. No. 78–233.

United States District Court,
D. Vermont.

Sept. 21, 1978.

**8**

John K. Dunleavy, Burgess & Normand, Montpelier, Vt., for plaintiff.

Austin B. Noble, Paterson, Gibson & Noble, Montpelier, Vt., for defendants.

COFFRIN, District Judge.

This is an action for breach of contract and false representations which plaintiff originally brought in Vermont ·Superior Court, Caledonia County. In its complaint, filed on September 21, 1978, plaintiff alleges that it is a Canadian corporation, defendant Railco, Inc. is an Oregon corporation, defendant Foley Brothers, Inc. is a Minnesota corporation and "Defendant Foley-Railco is a joint venture formed by the two other defendants and wholly owned by said other Defendants." ˙Plaintiff seeks damages in excess of $600,000.

Defendant removed the case to this court by its Petition for Removal and accompanying bond filed October 11, 1978 and October 12, 1978, respectively. On October 12, 1978 the plaintiff filed an "Answer to Petition for Removal" and moved to remand to state court. Plaintiff contends that since defendant Foley-Railco is a joint venture and partnership having its principal and only place of business at Hardwick, Vermont; removal is improper under the second sentence of 28 U.S.C. § 1441(b) because one of the defendants is a "citizen" of Vermont. An alternative ground advanced is that defendants have waived their right to remove by participating in certain proceedings in the state court and thereby "consenting to the jurisdiction of the Vermont State Courts." The remand motion was heard on December 18, 1978 and taken under advisement. Upon due consideration of the memoranda filed by the parties, the arguments of counsel and an examination of the applicable case law, we conclude that plaintiff's motion must be denied for the reasons stated below.

Initially, although there is some question whether defendant Foley-Railco is a legal entity at all, we accept for purposes of this opinion plaintiff's claim that it is a joint venture and partnership with principal place of business at Hardwick, Vermont. It is clear that for diversity of citizenship purposes a partnership is a citizen of each state of which a general partner is a citizen. *Great Southern Fire Proof Hotel Co. v. Jones,* 177 U.S. 449, 456, 20 S.Ct. 690, 44 L.Ed. 842 (1900); *Lewis v. Odell,* 503 F.2d 445, 446 (2d Cir. 1974); *Woodward v. D. H. Overmyer Co.,* 428 F.2d 880, 883 (2d Cir. 1970), *cert. denied,* 400 U.S. 993, 91 S.Ct. 460, 27 L.Ed.2d 441 (1971). It seems equally clear that for purposes of the second sentence of 28 U.S.C. § 1441(b) the citizenship of a partnership also must be determined by the citizenship of its general partners. Since the general partners of Foley-Railco are each citizens of a state other than Vermont, removal to this court is available because no defendant is a citizen of the state in which the action is brought.

The dictum in *Remington's Dairy v. Rutland Ry. Corp.,* 15 F.R.D. 488, 489˙(D.Vt. 1954), that for diversity purposes a partnership will be deemed to be a resident[1] of the district wherein it has its principal place of business is clearly at odds with the authority of the cases cited above and to the extent it may be considered the law of this district it is hereby expressly overruled.

This rule does not immediately decide the issue, however. There seems to be little doubt from the *Pre-Building and Joint Venture Agreement*[2] which Railco, Inc. and Foley Brothers, Inc. entered into on August

---

1. The Court in *Remington's Dairy* appears to have confused the terms "residency" and "citizenship." Unincorporated associations may be residents of states in which they do business without being citizens; however, the narrower concept of citizenship applies to questions of diversity and removal under 28 U.S.C. § 1441(b).

2. Supplied by the parties at the request of the court.

1, 1977 that they operated as "joint venturers," not as general partners. A "joint adventure" is a limited form of partnership defined as "[a] commercial or maritime enterprise undertaken by several persons jointly; a limited partnership,—not limited in the statutory sense as to the liability of the partners, but as to its scope and duration."[3] *Black's Law Dictionary* 73 (4th ed. 1951).

The well-reasoned and persuasive opinion in *Carson Construction Co. v. Fuller-Webb Construction,* 198 F.Supp. 464 (D.Mont.1961), holds that citizenship of a joint venture for diversity jurisdiction purposes is determined by the citizenship of its individual members. It is squarely on point with the instant case and in our view dispositive. In that case a New Jersey corporation and an Arizona corporation each registered to do business in Montana, formed a joint venture for a construction project in that state. An action commenced in Montana state court was removed to federal court where the removal was challenged. The court held:

> A determination of the question of diversity of citizenship depends upon the citizenship of the individual members of the joint venture. Neither became a citizen of Montana by qualifying to do business and consenting to be sued in this state. Both joined in the petition for removal. The requisite diversity of citizenship to establish federal jurisdiction exists, and the case was properly removed to this court.

*Id.* at 469.

*Mason v. American Express Co.,* 334 F.2d 392 (2d Cir. 1964), upon which plaintiff relies for the proposition "that an unincorporated business entity is a citizen of the state in which it does business, has an office, and can be separately sued" (Plaintiff's Memorandum Opposing Removal at 2), if still sound law, must be strictly limited to the nature of the entity therein considered, namely a New York joint stock association. The Second Circuit upheld diversity jurisdiction in that case because the New York legislature had endowed such stock associations with essential characteristics that made them resemble a corporate entity much more than a mere aggregation of individuals. The court, however, expressly refused to intimate "any view as to whether separate entity treatment ought also to be accorded types of unincorporated associations other than the type now before us, for many would appear to possess fewer attributes of a separate juridical personality than does a New York joint stock association." *Id.* at 403.

In *Baer v. United Services Automobile Ass'n,* 503 F.2d 393 (2d Cir. 1974), the same court, analyzing a Texas statute, found the defendant to be an unincorporated association and for diversity purposes a citizen of each state in which it had members or subscribers. The court noted that the holding in *United Steelworkers v. R. H. Bouligny, Inc.,* 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217 (1965), appeared to have abruptly halted any trend toward erosion of the rule which had created multiple state citizenship for unincorporated associations and also noted that any precedential value of *Mason* had, at the least, been seriously undermined.

We have no doubt based on our examination of the applicable law that defendant Foley-Railco, whatever type of legal entity it may be, has no citizenship for diversity or section 1441(b) purposes separate and apart from the citizenship of the other named defendants and we so hold.

Plaintiff has produced no evidence by affidavit or otherwise in support of its claim that defendants have waived their right to remove the action because of actions they may have taken in state court.[4]

---

3. A joint adventure is also defined as "[a]n association of two or more persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill, and knowledge." *Black's Law Dictionary* 73 (4th ed. 1951) (citing *Forman v. Lumm,* 214 A.D. 579, 212 N.Y.S. 487).

4. In plaintiff's Motion to Remand this claim is stated as follows:

10

Moreover, plaintiff neither argued nor briefed this point. In the absence of something more compelling than the mere assertion of waiver in its motion, we find plaintiff's claim to be without merit. Defendants filed their petition to remove well within the time period provided by 28 U.S.C. § 1446(b), and in all other respects they have complied with the statutory requirements for removal. Whatever steps the defendants took with respect to the action in state court manifestly were preliminary in nature; it is clear that if the removal petition is timely, the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits. 1A J. Moore, *Moore's Federal Practice* ¶ 0.157[9] at 127 (2d ed. 1974).

Wherefore, it is ORDERED that plaintiff's Motion to Remand be, and the same hereby is, denied.

3. That even if the action were otherwise removable, the appearance, participation in a hearing in chambers, of record, and other acts of the defendants, in consenting to the jurisdiction of the Vermont State Courts, agreeing, that certain security bonds existed, and participating in hearings relating to the same, constituted a waive [*sic*] of the right to remove.